RICH MICHAELSON MAGALIFF, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :    Chapter 7
TOWN MASONRY CORP. and                                         :    Case Nos. 12-22304 (RDD)
NEW TOWN CORP.,                                                :              12-22305 (RDD)
                                                               :    (Jointly Administered)
                        Debtors.                               :
---------------------------------------------------------------x
HOWARD P. MAGALIFF, as Chapter 7 Trustee of                    :
Town Masonry Corp. and New Town Corp.,                         :
                                                               :
                        Plaintiff,                             :    Adv. Pro. No. 18-_____
                                                               :
          – against –                                          :
                                                               :
TURNER CONSTRUCTION COMPANY,                                   :
                                                               :
                        Defendant.                             :
---------------------------------------------------------------x

**COMPLAINT FOR TURNOVER AND**
**TO RECOVER ACCOUNT RECEIVABLE**

Howard P. Magaliff, the chapter 7 trustee of Town Masonry Corp. ("Town") and New Town Corp. ("New Town" and together with Town, the "Debtors"), as plaintiff ("Plaintiff" or the "Trustee"), as and for his complaint against Turner Construction Company ("Defendant"), alleges the following upon knowledge as to his own acts and otherwise upon information and belief:

{00019964v1 }

## INTRODUCTION

1. Plaintiff brings this action pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and sections 541(a) and 542(a) of title 11, United States Code (the "Bankruptcy Code"), to recover an account receivable.

## THE PARTIES

2. The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on February 9, 2012 (the "Filing Date"). By Order dated March 16, 2012, the Debtors' cases were procedurally consolidated for joint administration.

3. By Order dated November 7, 2013, the Court granted the motion of Capital One, National Association and converted the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

4. The same day, the Trustee was appointed as the chapter 7 interim trustee of the Debtors, and following the section 341 meeting of creditors succeeded as permanent trustee pursuant to section 702(d) of the Bankruptcy Code.

5. The Defendant does business in New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

9. Plaintiff consents to the entry of final judgment by the Bankruptcy Court.

## FACTUAL ALLEGATIONS

10. Prior to the Filing Date, Town was a subcontractor to the Defendant for four projects, CUNY Graduate Center, Hunter College School of SW [Social Work], B4 Rebuild and World Trade Center-2.

11. The Debtors' records and discussions with their representatives reveal that, at the close of the Debtors' business operations on November 7, 2013, there was due and owing from the Defendant to Town not less than $37,835 for the CUNY Graduate Center project (the "CUNY Receivable"), $172,435.19 for the Hunter College School of SW project (the "Hunter College Receivable"), $52,504 for the B4 Rebuild project (the "B4 Receivable") and $442,079.56 for the World Trade Center-2 project (the "WTC Receivable", and together with the CUNY Receivable, Hunter College Receivable and B4 Receivable, the "Receivables").

12. The Trustee sent a demand letter to the Defendant, demanding payment of the Receivables.

13. The demand letter was intended to provide the Defendant with an opportunity to provide the Trustee with defenses.

14. To date, the Trustee has not received payment.

### FIRST CAUSE OF ACTION
**(Turnover Pursuant to 11 U.S.C. § 542(a))**

15. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

16. The Receivables are property of the estate pursuant to section 541(a) of the Bankruptcy Code.

17. Pursuant to section 542(b) of the Bankruptcy Code, 11 U.S.C. § 542(b), "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor."

18. The Trustee is entitled to judgment directing payment of the Receivables from the Defendant.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

19. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

20. The Defendant was enriched by the value of the work performed by Town, for which the Defendant has not fully paid.

21. It is against equity and good conscience to permit the Defendant to retain the Receivables. For these reasons, the Defendants should be found liable for the Receivables that it owes to Town, plus interest, costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
### (Disallowance of Claims)

22. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

23. Pursuant to section 502(d) of the Bankruptcy Code, the Court shall disallow any claim of any entity from which property is recoverable under, *inter alia*, section 542 of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under, *inter alia*, section 542 of the Bankruptcy Code.

24. Any claim of the Defendant should be disallowed until the Defendant has paid to the Trustee the amount for which it is liable.

25. The Trustee is entitled to an order and judgment disallowing any claims of the Defendant.

**WHEREFORE**, the Trustee requests the entry of judgment as follows:

(a) On the first and second causes of action, awarding damages and directing payment to the Trustee of the amount of the Receivables;

(b) On the third cause of action, disallowing any claims filed by the Defendant until it has paid all amounts owed to the Trustee;

(c) Costs and attorney fees; and

(d) Such other and further relief as is necessary and proper.

Dated: New York, New York
      May 1, 2018

RICH MICHAELSON MAGALIFF, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
hmagaliff@r3mlaw.com